**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DENOUNICIA REDWINE ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 6:22-CV-255-ADA-DNM** |
| **MARTIN O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF'S APPEAL OF THE DENIAL OF SECURITY BENEFITS**

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), Federal Rule of Civil Procedure 72, and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff Denounicia Redwine's appeal of the denial of her Supplemental Security Income benefits. Having considered the record and the Parties' briefing, the Court **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. She contends the ALJ erred by (1) failing to include all the limitations resulting from Plaintiff's impairments in his residual functional capacity ("RFC") findings, (2) the ALJ relied on improper criteria to support his RFC finding, and (3) the ALJ's RFC finding is not supported by any medical opinion in the record. Plaintiff claims she was prejudiced by these errors because

she would not have been found to be capable of performing other work existing in significant numbers in the national economy but for the ALJ's errors.

## I. BACKGROUND

Plaintiff was born on December 29, 1969. She has a high school education, and she has worked as a caregiver and security guard. Tr. 29; 266. She applied for benefits on January 20, 2020, alleging disability as of May 15, 2019. Tr. 233. After her application was denied, the ALJ conducted a hearing and, on September 29, 2021, issued a decision finding Plaintiff not disabled. Tr. 30. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.

## II. THE ALJ'S DECISION

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 20, 2020. Tr. 18. The ALJ found that Plaintiff had the severe impairments of diabetes mellitus, fibromyalgia, major depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). *Id*. The ALJ determined that none of these impairments, alone or in combination, met or medically equaled a listed impairment. Tr. 19-21.

The ALJ found that Plaintiff had the RFC to perform light work, except that she could understand, remember, and carry out simple instructions; make commensurate decisions; maintain attention and concentration for two-hour segments; respond appropriately to changes in a work setting; and have only occasional contact with the public. Tr. 21. The ALJ found that Plaintiff could not perform her past relevant work as a security guard. Tr. 29. Relying on vocational-expert testimony, the ALJ found that Plaintiff could perform the representative occupations of marker, garment sorter, and housekeeper/cleaner. Tr. 29-30. Accordingly, the ALJ

found that Plaintiff was not disabled from the application date through the date of the decision. Tr. 30-31.

## III. DISCUSSION

The Court will reverse the ALJ's decision only if it is unsupported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "'Substantial evidence' is less than a preponderance but more than a scintilla." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). The ALJ's decision may not be reversed on account of harmless error. *Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009). The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error. *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012).

Where the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's interpretation. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling*, 36 F.3d at 434.

### *A. The RFC Assessment Is Supported by Substantial Evidence*

An RFC is the most a plaintiff can do on a sustained basis despite the limitations caused by her impairments. 20 C.F.R. § 416.945(a). The responsibility for determining RFC rests with the ALJ. *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). In doing so, the ALJ must consider all relevant evidence, including medical evidence, the plaintiff's statements, treatment history, medical opinions, and non-medical evidence.

The ALJ found that Plaintiff's medically determinable impairments could reasonably cause her alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical and other evidence. Tr. 22–23. The decision identifies specific evidence supporting that assessment, including examination findings, treatment records, reported activities, and Plaintiff's work activity during the relevant period.

**1. Urinary frequency**

Plaintiff argues that the RFC should have included additional restroom-break limitations because she testified that she needed to urinate one to three times per hour. The ALJ expressly considered that testimony. Tr. 22. The ALJ also identified conflicts between that testimony and the treatment record: Plaintiff denied urinary frequency at examinations in August 2020 and August 2021. Tr. 25. The record also reflects a September 2020 complaint of urinary frequency, but Plaintiff did not report that symptom at a diabetes-related visit several days later.

Resolving conflicts in the evidence and evaluating the consistency of reported symptoms with the record are the ALJ's functions. The ALJ reasonably concluded that the record did not require a limitation for additional restroom breaks. The vocational expert's response to counsel's hypothetical involving an hourly ten-minute bathroom break does not establish reversible error because the ALJ was not required to adopt a limitation included in the hypothetical or response that is unsupported by the record.

**2. Fibromyalgia and physical limitations**

The ALJ recognized fibromyalgia as a severe impairment and limited Plaintiff to light work, rather than the medium work assessed by the state-agency physical consultants. Tr. 18, 21, 28. The ALJ nevertheless found that the record did not support the more restrictive limitations

Plaintiff alleged. The decision cited the medical record for normal gait, normal motor and sensory findings, full range of motion, no tenderness to palpation, and a normal August 2021 diabetic foot examination. Tr. 25-26. The ALJ also cited treatment notes in which Plaintiff denied fatigue or joint symptoms, recommendations of conservative treatment, and reports that Plaintiff worked cleaning houses during the relevant period. *Id*.

Plaintiff disagrees with the ALJ's assessment of the evidence relating to pain, fatigue, standing, bending, and twisting. But the substantial-evidence standard does not permit the Court to reweigh that evidence merely because other evidence could support a different conclusion. The ALJ identified evidence that reasonably supports the light-work limitation and the decision not to impose additional postural, standing, or rest-period restrictions.

**3. Treatment history**

Plaintiff argues that the ALJ improperly relied on gaps in her treatment without adequately considering insurance difficulties and COVID-19 restrictions. The ALJ acknowledged Plaintiff's statement that insurance issues affected her ability to obtain treatment. Tr. 26. The ALJ nonetheless expressly reasoned that gaps in diabetes treatment suggested fewer symptoms, described infrequent primary-care visits as indicating fewer fibromyalgia symptoms, and concluded that limited treatment remained a reliable indicator of the effects of Plaintiff's symptoms. Tr. 25-26.

The ALJ also relied on the content of the medical visits that occurred, including generally normal examinations, denials or absences of the claimed symptoms, and conservative treatment. Thus, the decision did not rely solely on treatment gaps. It instead combined the fact of treatment gaps with facts and medical observations included in the treatment record. Whether the available

evidence supports the ALJ's assessment is governed by the substantial-evidence standard; it is not the Court's role to reweigh the competing inferences from the record.

**4. Mental limitations**

The ALJ found that Plaintiff had severe mental impairments and imposed limitations to simple instructions, commensurate decisions, two-hour concentration segments, responding appropriately to workplace changes, and occasional public contact. Tr. 18, 21. The ALJ acknowledged evidence supporting limitations, including mental-health diagnoses, counseling treatment, situational stressors, and reports of crying episodes. Tr. 24-27.

The ALJ also cited evidence supporting the limitations adopted: generally normal mental-status examinations; intact memory and intellectual function; coherent and goal-directed thought processes; normal speech; good concentration and attention; and normal or fair insight and judgment. Tr. 20-21, 24. The ALJ further cited Plaintiff's reported activities, including living mostly alone, preparing meals, performing household chores, driving, shopping, handling money, attending church, and caring for grandchildren. Tr. 23.

Plaintiff argues that the ALJ understated her limitation in adapting or managing herself. The ALJ considered that domain at steps two and three and found only a mild limitation based on Plaintiff's reported personal care and activities, her judgment findings, and the absence of persistent suicidal ideation at examinations. Tr. 21. The record contains evidence supporting Plaintiff's position, but it also contains evidence supporting the ALJ's finding. The Court may not reweigh that conflicting evidence.

***B. The ALJ Did Not Improperly Substitute Lay Judgment for Medical Evidence***

Plaintiff contends that the RFC is invalid because no medical opinion precisely matches it. That contention is inconsistent with the governing regulations and Fifth Circuit precedent. An

ALJ must evaluate the persuasiveness of medical opinions and prior administrative medical findings, but no opinion receives controlling weight under the applicable regulations. 20 C.F.R. § 416.920c. The ALJ, not a medical source, has the ultimate responsibility for determining RFC. *Taylor*, 706 F.3d at 602-03.

The ALJ explained why he found the state-agency physical assessments unpersuasive to the extent they assessed medium work: they did not adequately account for fibromyalgia and evidence of elevated A1C and blood-glucose levels. Tr. 28. The ALJ therefore adopted a more restrictive light-work RFC. *Id*. The ALJ found the state-agency psychiatric assessment persuasive in part but added restrictions to simple instructions and two-hour concentration segments based on later evidence of continuing stressors and limited treatment progress. Tr. 26-28.

The ALJ's RFC was thus informed by the medical opinions and the treatment record as a whole. Consequently, this case is unlike one involving a conspicuous absence of evidence concerning functional capacity. *See Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). The record contains longitudinal treatment notes, examination findings, agency assessments, and hearing testimony that support the ALJ's assessment.

***C. The Step-Five Finding Is Supported by Substantial Evidence***

Because substantial evidence supports the RFC, Plaintiff's challenge to the step-five finding also fails. The ALJ was required to include in the vocational hypothetical only those limitations that the ALJ found supported by the record. The vocational expert testified that a person with Plaintiff's age, education, work experience, and RFC could perform the jobs of marker, garment sorter, and housekeeper/cleaner in significant numbers in the national economy. Tr. 29-30.

Plaintiff relies on vocational-expert testimony that additional limitations – such as an hourly ten-minute restroom break, leaving the work area when criticized, or lying down during the workday – would preclude competitive employment. Those responses do not undermine the step-five finding because substantial evidence supports the ALJ's decision not to include those additional limitations in the RFC.

***D. The ALJ Was Not Required to Further Develop the Record***

Plaintiff argues that the ALJ should have obtained a consultative examination or formal fibromyalgia tender-point assessment. The ALJ's duty to develop the record requires an informed decision based on sufficient facts; it does not require a consultative examination whenever the plaintiff disputes the evaluation of the evidence. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).

The administrative record contained longitudinal primary-care and mental-health treatment records, state-agency findings, hearing testimony, and other evidence. Plaintiff's counsel also stated at the hearing that the record was complete. Plaintiff has not shown that the record was inadequate to permit a disability determination, that a consultative examination was required, or that additional evidence would have changed the result. Accordingly, she has not established harmful error.

***E. Ability to Sustain Employment***

Plaintiff also argues that the ALJ should have found she could not sustain employment. A finding of disability based on an inability to maintain work must be supported by the record. *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986). The ALJ considered Plaintiff's allegations and the evidence of her mental impairments but found that the record supported the RFC's mental restrictions rather than additional limitations that would preclude sustained work.

The decision is supported by the mental-status findings, treatment history, reported daily activities, and the ALJ's evaluation of the conflicting evidence. Plaintiff has not shown that the evidence required a further finding that she could not maintain employment.

## IV. CONCLUSION

The ALJ applied the proper legal standards and supported his decision with substantial evidence. Although the record contains evidence favorable to Plaintiff, the substantial-evidence standard does not permit the Court to reweigh conflicting proof or substitute its judgment for the Commissioner's. The ALJ considered Plaintiff's allegations, explained why he found them not fully consistent with the medical and other evidence, and reasonably concluded that Plaintiff could perform a limited range of light work. Plaintiff has not shown that the ALJ committed reversible error.

For the foregoing reason, the Court **RECOMMENDS** that the Commissioner's decision be **AFFIRMED** and this case be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific findings or recommendations to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

Magistrate Judge that are accepted or adopted by the District Judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** this 10th day of August, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE